UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MARK ANDREW ZARALLO, JR. AND
COGENT RENEWABLES, LLC

        **PLAINTIFFS**

**VERSUS**

JOSHUA MCCOY, MCCOY EQUITY
HOLDINGS, LLC, DYNAMIC GROUP,
LLC, DSI ENERGY SOLUTIONS, LLC,
CHAD MITCHELL AND UNITED
COMMUNITY BANK

        **DEFENDANTS**

**CIVIL ACTION NO. 4:23-CV-00683-SDJ**

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

<u>**AFFIDAVIT OF CHADWICK MITCHELL**</u>

BEFORE ME, the undersigned Notary Public, personally came and appeared Chadwick

Mitchell, who did depose and state:

1. I am a citizen of the state of Louisiana, and I reside in Baton Rouge, Louisiana.

2. I am the President of Dynamic Group, LLC ("Dynamic"), and I perform services for McCoy Equity Holdings, LLC ("MEH") and DSI Energy Solutions, LLC ("DSI"). I also performed services for Cogent Renewables, LLC ("Cogent").

3. All of the services I perform for Dynamic, MEH, DSI and Cogent have occurred in Baton Rouge, Louisiana.

4. Cogent maintained two checking accounts at Hancock Whitney, which MEH opened at a location in Baton Rouge, Louisiana. Prior to MEH joining Cogent, Cogent had opened a Chase account.

5. DSI had two checking accounts opened in Baton Rouge, Louisiana at Hancock Whitney and United Community Bank ("UCB").


DEFENDANT'S
EXHIBIT
B
4:23-CV-683

6. Dynamic maintained checking accounts opened in Baton Rouge, Louisiana at Hancock Whitney, UCB and Home Bank.

7. When MEH first became the 70% owner, Mark Andrew Zarallo, Jr. ("Zarallo") spent several days each month in Baton Rouge, Louisiana to meet regarding Cogent. He thereafter periodically travelled to Baton Rouge where he also used an office to perform work for Cogent where MEH performed its duties for Cogent.

8. Cogent began to rent an office in Frisco, Texas in approximately April of 2022, and did not have an office in Texas (other than Zarallo's residence) prior to that time.

9. I have not visited the Texas office of Cogent.

10. Cogent's work for DSI on the Mulligan Project was performed in Illinois.

11. Cogent's work for Inovateus Solar, LLC was performed on a project located in Lebanon, Ohio.

12. Cogent performed work on other projects in Colorado, Ohio, Louisiana, Nevada and New York.

13. Zarallo often worked onsite for Cogent projects, like for the project in New York.

14. Upon becoming the 70% owner in Cogent, MEH began to perform the administrative, accounting and bookkeeping functions of Cogent in Baton Rouge, Louisiana, and the books and records of Cogent were kept in Baton Rouge, Louisiana.

15. Bills were paid and checks were written from Cogent's checking account in Baton Rouge, Louisiana. With the exception of one client relationship who made electronic payments to the Chase account, payments to Cogent were sent to Baton Rouge, Louisiana.

16. Whenever I perform work for companies other than Dynamic, Dynamic charges those other companies an allocable share of my time. Dynamic did not charge any markup to Cogent for the use of its employees.

17. Dynamic did not charge any allocable expenses to Cogent for any of 2021 and for the month of June 2023.

18. Southland Construction, LLC is a staffing company that provided Cogent with project labor at less than market rate (a markup of only 15%).

19. McCoy Group Services, LLC managed Cogent's payroll and employee benefits at a less than market rate (a markup of only 15%).

20. From December 2022 to May 2023, MEH claimed reimbursement from Cogent for services provided by Ramsey Green, Paul DeClouet, Joel Salvaggio, Rachel Lee and me.

2

21. Paul DeClouet is an MEH employee, but performs services for several of the companies in which McCoy has an ownership interest, and those companies reimburse MEH for those services.

22. Ramsey Green is an MEH employee who performed work for Cogent.

23. Joel Salvaggio was an MEH employee who performed work for Cogent. He lives in the Baton Rouge, Louisiana area.

24. Dylan Jenks was a former employee of DSI and Dynamic. He lives in the Baton Rouge, Louisiana area.

25. Whenever any of the above employees performed work for another entity, that entity was billed for an allocable share of the employee's time or Dynamic charged a management fee to the other entity.

26. The total of the invoices for the reimbursements is $170,899.40. These amounts were paid by Cogent in June of 2023.

27. In the invoices submitted by Cogent to DSI, Cogent charged DSI a 10% markup on the services it provided to DSI.

28. DSI has paid for a majority of the work completed by Cogent and submitted for invoicing to DSI.

29. $418,141.49 was transferred to Cogent on or around December 31, 2021, as payment for some of the DSI invoices.

30. The invoices that remain outstanding between DSI and Cogent are dated January 2022 to March 2022 and total $352,441.51.

31. While MEH was the 70% owner of Cogent, Joshua McCoy ("McCoy") made loans to Cogent to cover operating expenses such as making payroll. The total of these loans from July 2021 to June 2023, totaled over $1.2 million.

32. In May of 2023 alone, the total of the loans was $473,216.63: $50,000 on or around May 3, 2023; $109,614.28 on or around May 10, 2023; $28,000 on or around May 19, 2023; $118,273.64 on or around May 24, 2023; and $167,328.71 on or around May 31, 2023.

33. For the May of 2023 loans, Dynamic transferred the money to Cogent for each loan. Dynamic then booked the transfer as a loan receivable from Cogent. In Cogent's books, the transfers were also booked as loans.

34. Each transfer was performed by a Dynamic employee in Baton Rouge, Louisiana through Dynamic's bank, Hancock Whitney.

3

35. Any transfer of funds by Dynamic to Cogent occurred in Baton Rouge, Louisiana through Dynamic's bank, Hancock Whitney.

36. Any transfer of funds by DSI to Cogent occurred in Baton Rouge, Louisiana through DSI's bank, Hancock Whitney or UCB.

37. Any transfer of funds from Cogent to Dynamic occurred in Baton Rouge, Louisiana through Cogent's bank, Hancock Whitney.

38. Any transfer of funds from Cogent to DSI occurred in Baton Rouge, Louisiana through Cogent's bank, Hancock Whitney.

39. In June of 2023, MEH caused Cogent to repay $430,000 of its outstanding loans to Dynamic.

40. The repayment by Cogent of $430,000 occurred in Baton Rouge, Louisiana from the Cogent bank to Dynamic.

41. The phone call between myself and Zarallo in December of 2022 and in mid-February 2023, occurred while I was in Baton Rouge, Louisiana. I admit that such a call occurred, but deny Plaintiffs' allegations, including, but not limited to, that I made any false statements or committed fraud.

42. During that time, Cogent had received several large payments, but the approximately $1 million in Cogent's account was not profits, as Cogent had debts and was required to pay its vendors and contractors. The $1 million did ultimately get spent on Cogent's operations to pay its vendors and subcontractors.

43. The phone call between myself and Zarallo in March of 2023, occurred while I was in Baton Rouge, Louisiana. I admit that such a call occurred, but deny Plaintiffs' allegations, including, but not limited to, that I made any false statements or committed fraud.

44. The phone call between myself, Zarallo, Zarallo's father and Ramsey Green in early- to mid-May of 2023, occurred while I was in Baton Rouge, Louisiana. I admit that such a call occurred, but deny Plaintiffs' allegations, including, but not limited to, that I made any false statements or committed fraud.

45. I sent the email on March 30, 2023, regarding the UCB loan from Baton Rouge, Louisiana.

46. On March 29, 2023, Zarallo, an UCB employee (Heath Mire) and I had a telephone conversation regarding the UCB loan, where Mire explained to Zarallo that the DSI line of credit with a balance was being transferred to Cogent. I was in Baton Rouge, Louisiana when this phone conversation occurred.

4

47. I also explained to Zarallo that the DSI line of credit with a balance was being transferred to Cogent.

48. Cogent could not qualify for a line of credit or loan based on its own financials in early 2023. The DSI line of credit was transferred to Cogent to allow Cogent to have access to that line of credit in the future, once the DSI line of credit had been paid off. It is true that the Cogent line of credit would have ultimately benefited Cogent, had the relationship lasted longer, and once the line of credit had been paid down.

49. Paul Rainwater consulted on a project on which Cogent contracted to perform work for Power Strategies, LLC. Power Strategies, LLC paid Cogent and Cogent then paid Rainwater for the services Rainwater provided on the project. The payment from Cogent to Rainwater occurred in Baton Rouge, Louisiana through Cogent's Hancock Whitney bank account.

50. Angela Zarallo was fired in June of 2023, because she contacted Cogent's customers to divert payments to another address.

51. Paul deClouet and I both notified Cogent's customers that Angela Zarallo had been fired and that they should continue to send payment checks to the address they had always sent checks to in Baton Rouge, Louisiana.

52. No Cogent employee impersonated Angela Zarallo via email, and no Cogent employee had any reason to do so.

WITNESSES

*Leigh Ann Ott*
Printed Name: Leigh Ann Ott

*Chadwick Mitchell*
Chadwick Mitchell

Printed Name: Justin Hernandez

SWORN TO AND SUBSCRIBED before me, Notary Public, this 8 day of September, 2023.

_____, Notary Public
La. Notary Number/Bar Roll No. _____
My commission expires _____

Statewide Jurisdiction, Louisiana
Denetria Burris - Notary Public
Commission No. 143260
My Commission is for Life

5